STATE v. LINDA M. HIPP AND OTHERS.

194 N. W. 2d 764.

January 21, 1972—No. 43042.

*C. Paul Jones,* State Public Defender, and *Wood R. Foster, Jr.,* Assistant State Public Defender, for appellants.

*Keith M. Stidd,* City Attorney, and *Edward C. Vavreck,* Assistant City Attorney, for respondent.

PER CURIAM.

Defendants were adjudged guilty of a misdemeanor for violation of Minn. St. 609.705(3), "Unlawful Assembly," and appealed to this court from that conviction and a denial of their motion for a new trial. A motion was made to this court on behalf of defendants requesting in part that an order be made, first, appointing C. Paul Jones, the state public defender, as their counsel, and, second, directing the city of Minneapolis to pay for the expenses of an original and three copies of the transcript of the proceedings in the court below. As to the first request, the motion was opposed by the city attorney of Minneapolis, acting on behalf of the state, on the grounds that defendants are not indigent and that a hearing should be held to determine that issue. The state also contends that if they are found to be indigent, the district public defender of the Fourth Judicial District (Hennepin County) is the appropriate counsel to represent defendants rather than the state public

defender. As to the second request, the state contends that if defendants or any of them are found to be indigent, the cost of the transcript and other expenses on appeal for such indigents should be paid from funds available to the state public defender's office.

Pursuant to the request by the state that a determination of the indigency of the defendants be made, this court ordered that the chief judge of Hennepin County Municipal Court, or a judge of said court named by him, acting as a special referee, should conduct a hearing on that issue. Such a hearing was held and on November 19, 1971, the Honorable William B. Christensen, a judge of the Hennepin County Municipal Court, found that Linda M. Hipp, Patricia Berg Parzyck, Anne L. Schendel, and Terry L. Parzyck were indigent and that Richard A. Enga and John L. Norstad were not indigent. No determination was made as to Paul R. Wojenski as no evidence was submitted on his behalf. We adopt the findings of the referee.

This court now determines that the state public defender, C. Paul Jones, should be appointed as counsel for the defendants found to be indigent and orders that such transcript or other records as are reasonably necessary to afford an effective appellate review for those defendants shall be paid for by the state out of funds made available to the state public defender's office. The designation of the state public defender as counsel for the defendants found to be indigent is based on this court's order dated September 16, 1970, which was made pursuant to a petition by the state public defender. That order provided:

"* * * [T]he Minnesota Public Defender's Office is hereby authorized to represent, and continue to represent, indigent defendants charged with statutory, traffic and ordinance misdemeanors in the Hennepin County Municipal Court pursuant to Minnesota Statutes, Section 611.25."

Our determination that the cost of the transcript or other records which may be reasonably necessary to afford an effective appellate review for the defendants found to be indigent shall be borne out of funds made available to the state public defender is based upon the order of this court dated June 30, 1966 (set forth in 40A M. S. A., 1971 Pocket Part, pp. 18, 19). That order provided in part:

"12. The cost of transcripts and other necessary expenses in all indigent appeal cases shall likewise be paid from funds available to the State Public Defender's office when the county in which the defendant was accused is within a judicial district which has a District Public Defender, including Ramsey and Hennepin Counties."

Thus, all costs in connection with the transcript or other records reasonably necessary to afford the defendants determined to be indigent an effective appellate review shall be borne out of funds made available to the public defender's office.[1]

It is so ordered.

MR. JUSTICE TODD, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.

---

[1] The state must furnish an indigent defendant a trial record sufficiently complete to permit a proper consideration of his contentions on appeal. It need not be a complete verbatim transcript but may provide alternatives that accord effective appellate review. This rule applies to felony and nonfelony cases and to charges punishable by a fine or imprisonment alike. Mayer v. City of Chicago, 404 U. S. 189, 92 S. Ct. 410, 30 L. ed. 2d 372 (1971).